```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION
```

| | | |
|---|---|---|
| HEIDI BRUCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:15-cv-0353-D |
| | § | |
| ANTHEM INSURANCE COMPANIES, | § | |
| INC., d/b/a ANTHEM BLUE CROSS | § | |
| AND BLUE SHIELD, and VERIZON | § | |
| EMPLOYEE BENEFITS COMMITTEE, | § | |
| | § | |
| Defendants. | § | |

### **PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FILE AMENDED ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Heidi Bruce [hereinafter "Bruce"], Plaintiff herein, and would respectfully show the Court the following:

1. Plaintiff's Original Complaint ("Complaint") details Bruce's claims against Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield [hereinafter "Anthem"] and Verizon Employee Benefits Committee [hereinafter "VEBC"].

2. Paragraphs 1 through 70 of the Complaint are devoted to the factual basis of Bruce's claims. The only exceptions are in paragraphs 4 and 12, consisting of four citations to statutory and regulatory provisions under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, <u>et seq</u>. [hereinafter "ERISA"].

3. Under Rule 8(b)(1), Defendants "must" file an answer to "admit or deny the allegations" in the Complaint, and "state in short and plain terms" any defenses to Bruce's claims. Under Rule 8(b)(2), Defendants "must fairly respond to the substance of the allegation." Under Rule 8(b)(4), if Defendants intend "in good

faith to deny only a part of an allegation," they "must admit the part that is true and deny the rest."

4. Defendants' Original Answer ("Answer") [ECF Doc. 7] fails to satisfy these well-know pleading standards. In particular, Defendants failed to fairly respond to the allegations in paragraphs 1-7, 11, and 13-70 of the Complaint. Defendants also failed to provide fair notice of the basis of affirmative defenses 7-8 and 12-14.

5. Defendants evaded virtually all of Bruce's allegations. Defendants (1) asserted that Bruce's allegations constituted "legal conclusions," such as their names and addresses for service of summons (see Answer at ¶¶ 1, 2, 5, 11, 35), and (2) referenced documents that allegedly "speak for themselves" (see Answer at ¶¶ 3-7, 11, 13-70). Defendants hedged their bets on all but two of their "speak for themselves" responses, and followed such responses with "Otherwise, denied." (See Answer at ¶¶ 3-4, 6-7, 13-70).

6. Paragraphs 1-70 of the Complaint attempt to frame the issues to which the Court will decide and apply the controlling law. Bruce does not believe there is any basis for Defendants to deny her factual allegations. But for Defendants' evasiveness, the issues could be narrowed to the point (or nearly so) that they could be submitted to the Court on agreed facts, but with the parties submitting their presumably-opposing legal arguments.

7. Rule 16(a)(3) encourages the Court to discourage "wasteful pretrial activities," such as the discovery that would be necessary to determine if Defendants actually dispute Bruce's

factual allegations. Rule 16(c)(2) authorizes the Court to "take appropriate action" to simplify the issues, to eliminate frivolous defenses, to amend the pleadings, and to obtain "stipulations about facts and documents to avoid unnecessary proof."

8. Defendants' evasive Answer thwarts the purposes of Rule 8 and Rule 16. Defendants' evasive "documents speak for themselves" responses, and their evasive "legal conclusions" responses, do not fairly respond to the substance of Bruce's allegations. See <u>Azza Int'l Corp. v. Gas Research Inst.</u>, 204 F.R.D. 109, 110 (N.D. Ill. 2001)("impermissible" under Rule 8(b) to answer that a document "speaks for itself"); <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)("unacceptable device" under Rule 8(b) to answer that a document "speaks for itself"); see also <u>Certain Underwriters at Lloyds v. SSDD, LLC</u>, 2013 WL 6801832, at *5-6 (E.D. Mo. Dec. 23, 2013)("improper" under Rule 8(b) to answer that allegation is "legal conclusion" or that document "speaks for itself"); <u>Do It Best Corp. v. Heinen Hardware LLC</u>, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013)("insufficient" under Rule 8(b) to answer that allegation is "legal conclusion" or that document "speaks for itself").

9. In the parallel context of admitting or denying a request for admission, one court characterized as "folklore" the "favorite excuse" of answering that "the document speaks for itself." See <u>House v. Giant of Maryland, LLC</u>, 232 F.R.D. 257, 262 (E.D. Va. 2005).

10.  Although "the document speaks for itself" is often raised as an evidentiary objection, the Complaint is <u>not</u> a tender of evidence.  Even at trial, the "document speaks for itself" objection is overused.  <u>See</u> <u>United States v. Nelson</u>, 732 F.3d 504, 518 n.4 (5th Cir. 2013), <u>cert. denied</u>, 134 S. Ct. 2862 (2014).

11.  Defendants should be ordered to file an amended answer to address, in compliance with Rule 8(b), the allegations in paragraphs 1-7, 11, and 13-70 of the Complaint, "without basing that response on the belief that an allegation calls for a legal conclusion or that a document speaks for itself."  <u>See</u> <u>Do It Best Corp.</u>, 2013 WL 3421924, at *6.

12.  Similarly, "boilerplate" defensive pleading is "insufficient" under Rule 8(c) to raise an affirmative defense.  <u>See</u> <u>Woodfield v. Bowman</u>, 193 F.3d 354, 361 (5th Cir. 1999).  To satisfy the "notice pleading" standard, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense."  <u>Id</u>. at 362; <u>see also</u> <u>State Farm</u>, 199 F.R.D. at 279 ("unacceptable" under Rule 8(c) to list affirmative defenses in "formula-like fashion," without providing the "predicate for the claimed defense" that is the "goal of notice pleading").

12.  Defendants' affirmative defenses 7-8 and 12-14 (Answer at 18) are prime examples of such "boilerplate" and "formula-like" pleading, providing no factual particularity to give Bruce fair notice of those defenses.  Such defenses should be stricken, with an opportunity to re-plead in compliance with Rule 8(c).

WHEREFORE, PREMISES CONSIDERED, Bruce prays that the Court order Anthem and VEBC to file an amended answer to address, in compliance with Rule 8(b), the allegations in paragraphs 1-7, 11, and 13-70 of the Complaint, and strike Defendants' affirmative defenses 7-8 and 12-14 with an opportunity to re-plead in compliance with Rule 8(c), and for such other and further relief to which Bruce may be justly entitled.

Respectfully submitted,

/s/James L. Johnson
James L. Johnson
Texas Bar No. 10742020

THE JOHNSON LAW FIRM
6500 Greenville Avenue
Suite 345
Dallas, Texas  75206
Telephone:    214/363-1629
Telecopier:   214/363-9173

ATTORNEY FOR PLAINTIFF
HEIDI BRUCE

CERTIFICATE OF CONFERENCE

I hereby certify that on March 10 and 13, 2015, I conferred by email with Blaire Johnson, counsel for Defendants, who expressed Defendants' opposition to the relief requested herein.

/s/ James L. Johnson
James L. Johnson

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all of Defendants' attorneys of record who have consented to accept this Notice as service of this document by electronic means.

/s/ James L. Johnson
James L. Johnson

PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FILE AMENDED ANSWER - Page 5
mot.compel.amend.answ.wpd