```
                  UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

HEIDI BRUCE,                       §
                                   §
     Plaintiff,                    §
                                   §
VS.                                §   CIVIL ACTION NO. 3:15-cv-0353-D
                                   §
ANTHEM INSURANCE COMPANIES,        §
INC., d/b/a ANTHEM BLUE CROSS      §
AND BLUE SHIELD, and VERIZON       §
EMPLOYEE  BENEFITS COMMITTEE,      §
                                   §
     Defendants.                   §
```

## REPLY TO DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FILE AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Heidi Bruce [hereinafter "Bruce"], Plaintiff herein, and would respectfully show the Court the following:

1. Defendants' response [ECF Doc. 19, hereinafter "Response"] is a classic example of "willful blindness." See Global-Tech Appliances, Inc. v, SEB S.A., 131 S. Ct. 2060, 2068-71 (2011). The concept, originating in a jury charge in 1882, is that one may not "close his eyes, when he pleases, upon all sources of information, and then excuse his ignorance by saying that he does not see anything." Id. at 2069.

2. Defendants first complain that the "Governing Legal Principles" section of Bruce's pleading (Complaint at ¶¶ 71-100) is "devoid of any factual allegations." (Response at 2.) True. Hence the "Governing Legal Principles" heading.

3. But Bruce's motion [hereinafter "Motion"] expressly sought relief from Defendants' failure to fairly respond to the

allegations in "paragraphs 1-7, 11, and 13-70 of the Complaint." (Motion at ¶ 4.)  <u>Not</u> any of the paragraphs from 70 to 100.  Willful blindness.

    4.  Defendants argue that two cases from this Circuit "accept" answers that a document "speaks for itself." (Response at 3.)  Defendants cite <u>Madison v. James B. Nutter & Co.</u>, 2014 WL 7338853, at *3 (S.D. Tex. Dec. 22, 2014) and <u>Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc.</u>, 916 F. Supp. 2d 702, 715 (S.D. Miss. 2013).  In both cases, the courts were considering motions for summary judgment.  Not any challenge to the defendant's answer.  That the courts happened to refer to a defendant's use of the "speaks for itself" clause cannot be construed as a statement that the courts would "accept" such an answer if challenged in circumstances like those in this case.  Willful blindness.

    5.  Defendants cite one case that <u>did</u> involve a challenge to the defendant's answer: <u>Khepera-Bey v. Santander Consumer USA, Inc.</u>, 2012 WL 1965444, at *5 (D. Md. 2012).  But as correctly noted in Defendants' parenthetical, that case involved the use of the "speaks for itself" clause in reference to "documents attached to the amended complaint." <u>Id</u>. (Response at 3.)  Bruce did <u>not</u> attach any documents to her Complaint.

    6.  Defendants argue that the "only binding authority" Bruce cites is Rule 16(a)(3). (Response at 3.)  But Bruce also argued: "Rule 16(c)(2) authorizes the Court to 'take appropriate action' to simplify the issues, to eliminate frivolous defenses, to amend the pleadings, and to obtain 'stipulations about facts and documents to

avoid unnecessary proof.'" (Motion at ¶ 7.)  Defendants are silent concerning the Court's authority under Rule 16(c)(2).

    7.   Moreover, this Court has previously relied on Rule 12(f) in similar circumstances.  See <u>Mary Kay, Inc. v. Dunlap</u>, 2012 WL 2358082, at **7-8 (N.D. Tex. June 21, 2012)(Fitzwater, J.).  The Court struck a "general denial" that did not comply with Rule 8(b)(3).  2012 WL 2358082, at *8.

    8.   Defendants complain that they just can't figure out what Bruce "thinks is unclear" in their answer.  (Response at 3.)  Bruce presents here just one teeny tiny example:

> - <u>Bruce's Complaint</u>
>
>     3.   Bruce suffered from a herniated cervical disc at level C6-7.  Surgery was performed on November 5, 2013, involving a total disc replacement at C6-7 with a Mobi-C prosthetic device.  Bruce incurred charges of $64,919.98 for such surgery.
>
> - <u>Defendants' Answer</u>
>
>     3.   Defendants admit only that the administrative record speaks for itself.  Otherwise denied.

    8.   Bruce has alleged specific facts in paragraph 3.  Under Rule 8(b)(2), Defendants "must fairly respond to the substance of the allegation."  Instead, Defendants were evasive.  Defendants' approach <u>cannot</u> constitute a fair response to the substance of the allegations within the meaning of Rule 8(b)(2), as it constitutes no response at all.

    9.   By Defendants' reasoning, <u>any</u> defendant could simply answer <u>every</u> factual allegation with: "Defendant admits only that the evidence speaks for itself; otherwise denied."  Then, when the

evidence at trial proves every fact alleged by the plaintiff, the defendant could smugly say that it never denied any of those facts, because the "otherwise" clause was never triggered.

10. Defendants' approach would be appropriate in a "general denial" filed in Texas state court.  See Tex. R. Civ. P. 93.  In state court, "a general denial puts the plaintiff . . . on proof of every fact essential to his case."  Shell Chem. Co. v. Lamb, 493 S.W.2d 742, 744 (Tex. 1973).  But the federal rules require more than just forcing the plaintiff to prove her case.  And the federal rules require more than a "general denial" under Rule 8(b)(3) when the pleadings reveal that the defendant does not deny every allegation, and that the defendant has simply failed to satisfy its duty under Rule 8(b)(2) to "fairly respond to the substance of the allegation."  See Mary Kay, 2012 WL 2358082, at *8 n.9.

11. Defendants complain that their affirmative defense 7, about a "**previous** disk replacement" that was "investigational," provides fair notice.  (Response at 5, emphasis added.)  What Defendants have failed to allege, however, is the necessary specificity and factual particularity that would show that any prior surgery has anything to do with denying benefits for a later surgery in a different location.  See Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999); see also State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

12. In particular, Defendants' conclusory affirmative defense 7 must be considered in light of Bruce's very specific allegations that the summary of coverage (SOC) focuses on "**the illness or**

**injury involved**" with the "**device, procedure or treatment**" for which a payment of benefits is sought.  (Complaint at ¶¶ 14, 15.)  Conversely, these provisions do <u>not</u> include any consideration of any "illness or injury involved" in any <u>previous</u> "device, procedure or treatment," even if such previous care would itself be deemed experimental or investigational.  (<u>Id</u>.)  If there is hidden wording in the SOC, or another undisclosed Anthem guideline, that would make a "**previous**" surgery or any prior "investigational" treatment in any way relevant to the denial of Bruce's claim, Defendants are required to provide factual particularity to support their conclusion.

13.  Finally, Defendants cite this Court's decision in <u>Mary Kay</u> as if it supports their argument.  It doesn't.  The Court granted the plaintiff's motion to strike the "affirmative defenses of estoppel, ratification, and waiver because [the defendant] has not pleaded the 'minimum particulars' that are necessary to provide fair notice."  <u>Mary Kay</u>, 2012 WL 2358082, at *9.  Willful blindness.

                                        Respectfully submitted,

                                        <u>/s/James L. Johnson</u>
                                        James L. Johnson
                                        Texas Bar No. 10742020

                                        THE JOHNSON LAW FIRM
                                        6500 Greenville Avenue
                                        Suite 345
                                        Dallas, Texas  75206
                                        Telephone:    214/363-1629
                                        Telecopier:   214/363-9173

                                        ATTORNEY FOR PLAINTIFF
                                        HEIDI BRUCE

CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all of Defendants' attorneys of record who have consented to accept this Notice as service of this document by electronic means.

                                      /s/ James L. Johnson
                                      James L. Johnson