IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEIDI BRUCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-0353-D |
| VS. | § | |
| | § | |
| ANTHEM INSURANCE COMPANIES, | § | |
| INC., d/b/a ANTHEM BLUE CROSS | § | |
| AND BLUE SHIELD, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Heidi Bruce ("Bruce") moves to compel defendants to file an amended answer. For the reasons that follow, the court grants the motion in part and denies it in part, and orders defendants to file an amended answer within 21 days of the date this memorandum opinion and order is filed.[1]

I

Bruce sues defendants Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield, and Verizon Employee Benefits Committee to recover medical benefits under an ERISA[2] plan for surgery performed on her herniated cervical disc. After defendants

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

filed their answer, Bruce filed the instant motion to compel, complaining that the answer does not comply with Fed. R. Civ. P. 8(b)(1), (b)(2), (b)(4), and (c). Defendants oppose the motion.

II

As a threshold matter, the court turns to defendants' response, in which they contend that Bruce's motion to compel should be denied on the ground that it is procedurally improper. Defendants maintain that, in the absence of a proper procedural vehicle for challenging their answer, Bruce has "instead crafted one from whole cloth." Ds. Resp. 1. The court disagrees.

When an answer does not comply with Rule 8(b), a plaintiff may move to require the defendant to replead. *See, e.g., Rodriguez v. Prof'l Servs. Assistance, Inc.*, 2007 WL 667166, at *1 (W.D. Tex. Feb. 16, 2007) (granting alternative motion to require defendants to replead their answer in accordance with the Rules). Moreover, defendants may wish to reconsider their procedural objection given the alternative remedies available under the rules. One remedy is to treat the averments of Bruce's complaint *as admitted*. *See, e.g.,* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1261, at 528 (2004) ("If an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's averments may be treated as admitted."). Another remedy is to strike a defense that is inadequately pleaded. *See, e.g., Klein v. Fed. Ins. Co.*, 2014 WL 4476556, at *4-5 (N.D. Tex. Sept. 11, 2014) (Fitzwater, C.J.) (addressing motion to strike under Rule 12(f) standard). The relief that Bruce seeks

actually enables defendants to cure their pleading defects without suffering the consequences of having the averments of Bruce's complaint deemed admitted, or their defenses stricken. *See* Wright & Miller, *supra* § 1261, at 530 ("[T]he liberal amendment policy of Rule 15 provides a safety valve that permits the district court to allow deviations from poorly framed denials when it seems appropriate to do so.").

III

Rule 8(b)(1) provides that, "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Under Rule 8(b)(2), "[a] denial must fairly respond to the substance of the allegation." And Rule 8(b)(4) requires that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."

> As has been noted in many judicial opinions, the theory of Rules 8(b) and 8(d) is that a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail.

Wright & Miller, *supra* § 1261 at 526.

Although defendants' answer is adequate in some respects, it is deficient under Rule 8(b) in others.[3] For example, in several paragraphs, defendants answer that a document

---

[3]This lawsuit was filed on February 4, 2015. It has not yet been on file 90 days. The court's taking the time to write a detailed opinion identifying each defect in defendants' answer would neither be a wise use of the court's resources nor a valid reason for delaying

- 3 -

"speaks for itself." *E.g.*, Answer ¶ 4 ("Defendants admit only that the referenced plan is a document that speaks for itself. Otherwise, denied."). This approach to pleading has been rejected. *See Azza Int'l Corp. v. Gas Research Inst.*, 204 F.R.D. 109, 110 (N.D. Ill. 2001) (referring to "impermissible statement that a document 'speaks for itself'"); *see also Lane v. Page*, 272 F.R.D. 581, 602-03 (D.N.M. 2011) (stating that "[r]esponses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements." (collecting cases)).

And in several paragraphs, defendants plead that a particular part of Bruce's complaint "consists of legal conclusions to which no response is required." *E.g.*, Answer ¶ 1. Some of defendants' assertions, quite frankly, border on the frivolous. For example, in ¶ 1 of Bruce's complaint, she alleges that "Defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield [hereinafter 'Anthem'], may be served with citation by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201." Compl. ¶ 1 (bracketed material in original). Defendants respond in their answer that "Paragraph 1 of Plaintiff's Complaint consists of legal conclusions to which no response is required." Answer ¶ 1. This assertion is baseless. And even if ¶ 1 of the complaint *did* contain legal conclusions, it is "insufficient" under Rule 8(b) to deny an

---

the progress of this litigation. The court will therefore highlight certain examples of how the answer is defective, with the expectation that defendants will carefully review their amended answer for compliance with all the provisions of Rule 8(b) before filing it.

allegation on the basis that it is a "legal conclusion." *See Lane*, 272 F.R.D. at 602.[4]

Finally, in some instances, the answer does not fairly respond to the substance of the allegations in the complaint. For example, in ¶ 3, Bruce alleges: "Bruce suffered from a herniated cervical disc at level C6-7. Surgery was performed on November 5, 2013, involving a total disc replacement at C6-7 with a Mobi-C prosthetic device. Bruce incurred charges of $64,919.98 for such surgery. Bruce is entitled to receive medical benefits for such surgery." Compl. ¶ 3. Defendants answer: "Defendants admit only that the administrative record in this case speaks for itself. Otherwise, denied." Answer ¶ 3. This type of pleading is insufficient.

To be clear, in amending their answer, defendants are only obligated to give reasonable notice of the allegations that they seek to put in issue:

> Rule 8(b) also must be read in conjunction with Rule 8(e), which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial.

Wright & Miller, *supra* § 1261, at 532 (footnotes omitted). But as the *Azza International* court stated: "this Court expects that defendants' Amended Answer will be far more meticulous in specifying exactly which allegations of the [complaint] are and which are not being put into issue, thus avoiding needless time and effort on Azza's part in having to prove

---

[4]Defendants are not alone, however, in deserving the court's criticism for their pleadings. Bruce's complaint contains argumentative allegations that serve no apparent function. *See, e.g.*, Compl. ¶ 55 (alleging that "[t]he report thus follows Alice into Wonderland.").

undisputed matters." *Azza Int'l*, 204 F.R.D. at 110.

IV

Bruce challenges defendants' affirmative defenses 7, 8, 12, 13, and 14, contending that they are prime examples of "boilerplate" and "formula-like" pleading and do not give her fair notice of the defenses.  P. Mot. 4.  The challenged affirmative defenses are:

> 7. Plaintiff's claims are barred, in whole or in part, because Plaintiff's previous disk replacement was completed with a non-FDA approved device and was investigational.
>
> 8. Plaintiff's claims are barred, in whole or in part, because the efficacy of the device could not be established within the medical literature.
>
> 12. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own fault.
>
> 13. Plaintiff's claims are barred, in whole or in part, by a disclaimer provided.
>
> 14. Plaintiff's claims are barred, in whole or in part, due to waiver and/or estoppel.

Answer (Affirmative Defenses) ¶¶ 7, 8, 12, 13, and 14.

Rule 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including [18 listed affirmative defenses]."  This court has explained that it

> applies the "fair notice" pleading standard for affirmative defenses set forth in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  Accordingly, to adequately plead an affirmative defense, there must be enough factual particularity to give the plaintiff fair notice of the nature of the affirmative defense and prevent unfair surprise.  Although in some instances merely

> pleading the name of the affirmative defense may be sufficient, a fact-specific inquiry is required to determine whether the pleadings set forth the minimum particulars needed to ensure the plaintiff is not the victim of unfair surprise.

*Klein*, 2014 WL 4476556, at *5 (some citations, ellipsis, and some internal quotation marks omitted).

The court concludes that affirmative defense 7 gives Bruce fair notice, but that affirmative defenses 8, 12, 13, and 14 do not. *See id.* at *6-8 (addressing affirmative defenses that did and did not give fair notice, and explaining reasoning). The court therefore grants in part and denies in part Bruce's motion to the extent addressed to these affirmative defenses.

* * *

Accordingly, Bruce's March 18, 2015 motion to compel defendants to file amended answer is granted in part and denied in part, and defendants are ordered to file an amended answer within 21 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

April 23, 2015.

                                              _____
                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE